IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates To:<br>ATS CLAIM, LLC<br>        Plaintiff,<br>  v.<br>EPSON ELECTRONICS AMERICA, INC., et al.,<br>        Defendants.<br>_____/ | No. C 09-1115 SI<br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT, WITH LEAVE TO PROPERLY SERVE DOMESTIC DEFENDANTS AND TO AMEND THE COMPLAINT; AND GRANTING PLAINTIFF'S MOTION TO SERVE CERTAIN TAIWANESE DEFENDANTS** |

On September 29, 2009, the Court heard oral argument on several motions in this case. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss based on insufficient service of process, with leave to properly serve the domestic defendants within 30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m); GRANTS plaintiff's motion to serve certain Taiwanese defendants through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3); and GRANTS defendants' motion to dismiss for failure to state a claim, with leave to amend the complaint. If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than October 16, 2009.

**BACKGROUND**

On March 13, 2009, plaintiff ATS Claims, LLC ("ATS") filed an individual complaint against 26 domestic and foreign defendants for violations of federal antitrust laws. Of the 26 defendants named

in the complaint, 12 are located in the United States, 8 are located in Korea and Japan, and 6 are located in Taiwan. Pursuant to the Judicial Panel on Multidistrict Litigation's April 20, 2007 transfer order consolidating pretrial proceedings for a number of actions and this Court's July 3, 2007 related case pretrial order #1, the Clerk of this Court designated this case as related to MDL No. 1827, M 07-1827.

**DISCUSSION**

**I.     Defendants' motion to dismiss for insufficient service of process**

On May 29, 2009, plaintiff executed a certificate of service for the following U.S. defendants: Sharp Electronics Corporation ("Sharp"), Nexgen Mediatech USA, Inc. ("Nexgen USA"), Chi Mei Optoelectronics USA, Inc. ("Chi Mei USA"), AU Optronics Corporation of America ("AU USA"), Tatung Company of America, Inc. ("Tatung"), and Hitachi Electronic Devises (USA), Inc. ("Hitachi"). On June 2, 2009, plaintiff executed a certificate of service on LG Display America ("LG"). The certificates of service for these seven defendants state that plaintiff served the summons and complaint, along with other documents, by certified U.S. mail. On July 24, 2009, LG filed a motion to dismiss ATS's complaint for insufficient service of process. Domestic defendants Chi Mei USA and Sharp have joined in this motion.

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)

The parties dispute whether plaintiff's service by certified mail was valid under Federal Rule of Civil Procedure 4. Rule 4(h) provides two methods for service of domestic corporations. One way a corporation may be served is "by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B) (emphasis added). Alternatively, a plaintiff may serve process by following the law of the state where the district court is located or of the state where service is

effected. *See* Fed. R. Civ. P. 4(h)(1)(A) (referring to Rule 4(e)(1), which provides for service pursuant to state law). Defendants move to dismiss the complaint for insufficient service of process on the grounds that (1) plaintiff's purported service by certified mail does not constitute "delivery" under Rule 4(h)(1)(B), and (2) plaintiff did not comply with California rules for service of process by mail. Plaintiff contends that it satisfied the requirements of Rule 4(h)(1)(B) by effecting service by certified mail and therefore does not need to meet the additional service requirements of California state law. Plaintiff notes that the declarations supporting defendants' motion to dismiss acknowledge that the authorized agents of the respective companies received a summons and a copy of ATS' complaint.[1]

The Court finds that plaintiff's service by certified mail does not satisfy the requirements under Rule 4. Although the Federal Rules of Civil Procedure do not explicitly define the term "delivery" under Rule 4(h)(1)(B), courts have determined that Rule 4 requires personal service. *See Larsen v. Mayo Med. Ctr.,* 218 F.3d 863, 868 (8th Cir. 2000); *see also Apache Tribe Fed. Credit Union v. Fed. Home Loan Bank of San Francisco*, No. C97-2160 MMC, 1997 U.S. Dist. LEXIS 15233, at *10-11 (N.D. Cal. Sept. 30, 1997). Plaintiff relies on defendants' declarations to demonstrate that actual service was effected on the defendants' registered service agents. However, it is well-established that a defendant's actual notice of pending litigation is not sufficient to satisfy the requirements of Rule 4. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991); *Way v. Mueller Brass Company*, 840 F.2d 303, 306 (5th Cir. 1988); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004). Service of process in accordance with the rules is still required. Since plaintiff did not personally serve defendants' registered agents, plaintiff did not satisfy the dictates of Rule 4(h)(1)(B).

Furthermore, plaintiff's service does not comply with California service rules. Although California state law allows for service of summons by mail, such service is only valid if a copy of the

---

[1] *See* Kim Decl. ¶ 1-2 (stating that LG's registered agent received a package containing, among other things, a summons and a copy of ATS' complaint) [Docket No. 1122-1]; *see also* Decl. of Chie Nakayama in Support of Chi Mei USA's Motion to Dismiss ("Nakayama Decl.") ¶ 1-4 (stating that the administrative assistant to Chi Mei USA's office manager received a package addressed to the company's agent for service of process that contained, among other things, a summons and a copy of ATS' complaint) [Docket No. 1124-1]; *see also* Decl. of Johanna M. Toth in Support of Sharp's Joinder in LG's Motion to Dismiss ATS' Complaint ("Toth Decl.") ¶ 1-3 (stating that Sharp's Associate General Counsel received a package from Sharp's registered agent containing, among other things, a summons and a copy of ATS' complaint) [Docket No. 1127].

summons and complaint are accompanied by two copies of the notice and acknowledgment of receipt of summons. *See* Cal. Civ. Proc. Code § 415.30. Defendants contend, and plaintiff does not dispute, that plaintiff did not provide defendants with copies of the notice and acknowledgment of receipt of summons. Since plaintiff's service by certified mail does not satisfy Rule 4(h)(1)(B) or California service rules, it has not effected service on these domestic defendants. Accordingly, the Court GRANTS defendant's motion to dismiss for insufficient service of process with leave to properly serve defendants within 30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m).[2]

## II. Plaintiff's motion to serve Taiwanese defendants through U.S. counsel

Pursuant to Federal Rule of Civil Procedure 4(f)(1), plaintiff initiated service through the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") for the 8 defendants located in Korea and Japan. Service cannot be initiated by the same means for the Taiwanese defendants because Taiwan is not a signatory to the Hague Convention. Plaintiff has not attempted to initiate service on the Taiwanese defendants through the letters rogatory process.

On August 20, 2009, plaintiff filed a Motion to Serve Certain Taiwanese Defendants Through Their U.S. Counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). These Taiwanese defendants are HannStar Display Corporation ("HannStar"), Chunghwa Picture Tubes ("Chunghwa"), Chi Mei Corporation ("CMC"), Chi Mei Optoelectronics Corp. ("CMO"), and Nexgen Mediatech, Inc.("Nexgen") (collectively "Taiwanese Defendants").[3] Rule 4(f)(3) permits service in a place not within any judicial district of the United States, "by . . . means not prohibited by international agreement

---

[2] Defendants argue that the Court should not grant plaintiff an extension of time to serve the domestic defendants because it has not shown good cause for failing to properly serve defendants within 120 days of filing the complaint. However, even absent a showing of good cause, the Court has the discretion to dismiss the action without prejudice or order that service be made within a specified time. *See* Fed. R. Civ. P. 4(m); *see also In re Sheehan*, 253 F.3d 507, 512 (2001).

[3] AU Optronics Corp. is a Taiwanese company but not among those listed in plaintiff's motion. Footnote 2 in plaintiff's Motion to Serve Through U.S. Counsel states that "[w]hile counsel for the Taiwanese AU Optronics Corp. would not agree to accept service on behalf of their client, AU Optronics Corp. has joined in LG Display America Inc.'s Motion to Dismiss ATS's Complaint . . . as well as a stipulation related to the briefing and hearing of same." [Docket No. 1217]. Plaintiff states that pursuant to *Rudolph v. UT Starcom, Inc., et al.*, No. C 07-04578 SI, 2009 LEXIS 11193 (N.D. Cal. Feb 2, 2009), it "believes that AU Optronics Corp. has effectively waived service. Nevertheless [it] reserves its right to bring a motion similar to this one against AU Optronics Corp." *Id.*

4

as may be directed by the court." Fed. R. Civ. P. 4(f)(3).[4] Defendants argue that before plaintiff can seek to serve them through their U.S. counsel, plaintiff must first attempt to personally serve them via the letters rogatory process at their Taiwan addresses.

Plaintiff has submitted a declaration from David P. Germaine, Counsel for ATS ("Germaine Decl."). Mr. Germaine states that he has been in contact with APS International, Ltd. and Interprenet, Ltd. with regard to translating ATS' complaint into Chinese and effecting service via letters rogatory on the Taiwanese defendants. Germaine Decl. ¶ 2 [Docket No. 1217-1]. Mr. Germaine states that he "understand[s] that ATS will incur a charge of $3,184.02 from Interprenet for translating ATS' complaint and the other documents associated with service on the Taiwanese Defendants in Chinese." *Id.* He further understands that "ATS will incur charges of $5,300 from APS for processing the letters rogatory and paying the fees required by the U.S. Department of State." *Id.*

The Court finds that it is appropriate to order service on defendants through their U.S. counsel. The Ninth Circuit has rejected the argument that "Rule 4(f) should be read to create a hierarchy of preferred methods of service of process. [Appellant]'s interpretation would require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). We find no support for [this] position. No such requirement is found in the Rules text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). The Ninth Circuit concluded "that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* at 1515 (internal citation omitted). Therefore, *Rio Properties* does not require that plaintiff first attempt other methods of service.

Furthermore, plaintiff need not first attempt to personally serve defendants before it may reasonably conclude that service by letters rogatory is more expensive and time-consuming than serving defendants' counsel. *See* Germaine Decl. ¶ 2 (stating that plaintiffs will likely incur over $8,000 in charges for translating the documents associated with service and processing the letters rogatory). Both

---

[4]Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in a manner proscribed by Rule 4(f) for individuals.

5

parties note that earlier in this MDL, the direct purchaser plaintiffs spent several months attempting to effect service on some of the same Taiwanese defendants through the letters rogatory process, and that this process proved time-consuming, expensive, and burdensome.[5]  In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action.

Defendants also contend that service through their counsel would violate due process. Service under Rule 4(f)(3) must "comport with constitutional notions of due process," meaning that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation and citation omitted). In *Rio Properties*, the Ninth Circuit noted that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, *delivery to the defendant's attorney*, telex, and most recently, email." *Id.* at 1016 (emphasis added). The court held that service on the defendant's attorney was appropriate there because the attorney had been specifically consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client. *Id.* at 1017; *see also FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Here, the record clearly indicates that the Taiwanese defendants have consulted U.S. counsel regarding this lawsuit and participated in the case through their U.S. counsel. First, HannStar is represented by K&L Gates, LLP in this lawsuit. K&L Gates filed an opposition to this motion on behalf of HannStar and previously appeared and participated in MDL 1827 on behalf of HannStar. *See* Docket No. 1234; *see also* Germaine Decl. ¶ 3.[6] Second, Chunghwa is represented by Gibson, Dunn & Crutcher LLP ("Gibson Dunn"). Gibson Dunn joined in HannStar's opposition to this motion on behalf of

---

[5] *See* ATS' Motion to Serve Certain Taiwanese Defendants Through Their U.S. Counsel, at 2 (stating that direct purchaser class plaintiffs spent seven months in an unsuccessful attempt to serve Nexgen through letter rogatory) [Docket No. 1217]; *see also* HannStar's Opposition to ATS' Motion to Serve Certain Taiwanese Defendants Through Their U.S. Counsel, at 7 (stating that it took direct purchaser class plaintiffs four months to serve HannStar through letter rogatory).

[6] HannStar notes that it is the only Taiwanese defendant named in this motion that does not have a U.S. subsidiary. Although this fact does not bear on whether service through its U.S. counsel comports with due process, HannStar's opposition to this motion does not constitute a waiver of its jurisdictional defenses to plaintiff's lawsuit or service of process.

6

1 Chunghwa and also filed a stipulation for extension of time to answer in MDL 1827 on behalf of
2 Chunghwa. *See* Docket No. 1236; *see also* Stipulation for Extension of Time to Answer [Docket No.
3 776]. Lastly, CMC, CMO, and Nexgen are all represented by Wilmer Cutler Pickering Hale & Door
4 LLP ("Wilmer Hale"). Wilmer Hale joined in HannStar's opposition to this motion on behalf of CMC,
5 CMO, and Nexgen. *See* Docket No. 1235. Wilmer Hale has also appeared on behalf of these three
6 defendants in MDL 1827. *See* Germaine Decl. ¶ 3. The filings and appearances by K&L Gates, Gibson
7 Dunn, and Wilmer Hale on behalf of the Taiwanese defendants suggest that the attorneys have been in
8 contact with their clients regarding this lawsuit. *See FMAC Loan Receivables*, 228 F.R.D. at 534
9 (stating that the numerous motions filed by defendant's attorney makes it "abundantly clear" that
10 defendant has been in constant communication with his attorney). Under these circumstances, the Court
11 finds it reasonable to infer that the Taiwanese defendants have sufficient notice of this case and that
12 service of defendants through their U.S. counsel will comport with due process. Therefore, the Court
13 GRANTS plaintiff's motion to serve certain Taiwanese defendants through their U.S. Counsel.

### III. Defendants' motion to dismiss for failure to state a claim

16 The complaint alleges that plaintiff brought this action as an assignee of an antitrust claim from
17 an entity that directly purchased Thin Film Transistor-Liquid Crystal Display (TFT-LCD") panels and/or
18 products containing a TFT-LCD panel. Compl. ¶ 1. LG filed a motion to dismiss plaintiff's complaint
19 for failure to state a claim under Rule 12(b)(6) because it neither identifies the assignor of plaintiff's
20 claims, nor alleges sufficient facts to demonstrate that its assignor would be entitled to relief.
21 Alternatively, it moved for "a more definite statement" pursuant to Federal Rule of Civil Procedure
22 12(e). Numerous defendants have joined in this motion.

23 Defendants contend that they need to know the assignor of plaintiff's claims, the products the
24 assignor purchased, and the defendants from whom it purchased those products in order to ascertain the
25 nature of the claims being asserted and reasonably prepare a response. Meanwhile, plaintiff does not
26 offer any persuasive reasons for excluding this information. Although the parties have not cited any
27 authority addressing whether a plaintiff must identify its assignor in its complaint, case law does require
28 that the complaint "allege facts showing that the assignor would be entitled to relief." *N. Cal.*

*Monument Dealers Ass'n v. Interment Ass'n of Cal.*, 120 F. Supp. 93, 94 (N.D. Cal. 1954) (citing *La. Farmers' Protective Union v. Great Atlantic & Pacific Tea Co. of America, D.C. 1942*, 40 F.Supp. 897 (D. Ark. 1941); also 8 Cir., 131 F.2d 419 (8th Cir. 1942)).  Therefore, at a minimum, the Court finds that plaintiff should amend its complaint to identify the assignor to whom the alleged claims accrued. Defendants may uncover the additional details surrounding the assignor's purchases through discovery. Accordingly, the Court GRANTS defendants' motion to dismiss with leave to amend by October 16, 2009.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss based on insufficient service of process with leave to properly serve defendants within 30 days of the filing of this order pursuant to Federal Rule of Civil Procedure 4(m); GRANTS plaintiff's motion to serve certain Taiwanese defendants through their U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3); and GRANTS defendants' motion to dismiss for failure to state a claim, with leave to amend.  If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **October 16, 2009.**  [Docket Nos. 1122, 1124-1127, 1129, 1144, 1217 in M 07-1827; Docket Nos. 46-48, 51, 56 in C 09-1115].

**IT IS SO ORDERED.**

Dated: October 6, 2009

SUSAN ILLSTON
United States District Judge